FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 13 2016

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| ALLISHA K. TAYLOR ) | Civil Action No: |
| Plaintiff, ) | **1:16-CV-3807** |
| V. ) | **JURY DEMAND** |
| MOHELA, A non-profit corporation ) |  |
| Defendant ) |  |

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, ALLISHA K. TAYLOR, by and through herself and for her Complaint against the Defendant MOHELA and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Defendant, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of Defendants, including but not limited to MOHELA (hereinafter, MOHELA) in negligently, knowingly, and/or willfully contacting Plaintiff on her cellular

telephone without her express consent within the meaning of the TCPA. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

2. O.C.G.A. 46-5-27(i) states that any person who has received more than one telephone solicitation within any 12 month period by or on behalf of the same person or entity in violation of subsection (c) or (g) of the code, may bring an action for such violation. This is Georgia's version of the National "Do not call list".

3. The Defendant violated the TCPA and the Georgia Do not call list by contacting the Plaintiff on her cellular telephone via an "automatic telephone dialing system (ATDS) or predictive dialer" as defined by 47 U.S.C § 227(a)(1), without express consent within the meaning of the TCPA, or left artificial/prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii).

## JURISDICTION & VENUE

4. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

2

## PARTIES

6. ALLISHA K. TAYLOR, (hereinafter, "Plaintiff"), is a natural person who was t all relevant times residing in the county of Clayton, state of Georgia.

7. Defendant MOHELA is a non-profit Missouri corporation located at 633 Spirit Drive Chesterfield, MO, 63005.

8. Defendant MOHELA is not registered to do business in Georgia. At all relevant times, Defendant has conducted business in Georgia and solicited business in Georgia, or has engaged in a persistent course of conduct in Georgia

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make

any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

11. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

12. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. § 227(b) prohibits… the use of automated telephone equipment;   (1) Prohibitions…It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—"

## ALLEGATIONS OF FACT

13. The Plaintiff began receiving calls from the Defendant in the winter of 2014.

---

[2] 47 U.S.C. § 227 (b)(1)(A)(iii).
[3] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

Frustrated and angered by the untimely calls, on December 10, 2014 @ 1730 local, the Plaintiff answered the phone and heard please stay on the line, before being connected to a live agent. Plaintiff spoke with the representative and informed **her to stop calling her cellular** phone. The representative told the Plaintiff **"that not calling her was not an option and the phone calls would continue"**

14. After telling the representative to stop calling her phone, Plaintiff received at least one-hundred seventy five (175) more unwarranted phone calls to her cell phone. Further, Defendant Mohela left hundreds of artificial voicemail recordings on the Plaintiff's cell phone. The messages were the same and stated:

**This is Mohela calling, please return our call at 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, office hours are M-T 7-9pm and Friday 7am-5pm. Again this is Mohela calling with a very important message….please call us today at 866-770-4704. Thank you!**

15. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

16. Defendant Mohela calls utilized interactive voice recognition technology, also known as a predictive dialer, in which a machine places calls, and when a consumer answers the phone there is a noticeable pause prior to being connected to a live representative of Defendant.

17. Due to similar solicitation calls, Plaintiff placed her cellular telephone number on 404-360-XXXX, on the national "Do-Not-Call" registry in November 2013 to cease such solicitation calls

18. Plaintiff received at least 20 calls over the within a 12 month period in violation of the Georgia "do not call" list.

19. Plaintiff never consented to, requested, or otherwise desired or permitted, calls from Defendants Mohela for the purpose of debt collection or any other purpose.

20. Plaintiff suffered actual damages in the form of embarrassment, humiliation and anger as a result of Mohela calls. She was needlessly bothered and was forced to utilize minutes from her cell phone which could have been used for other purposes.

21. Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA. The continuous unwarranted phone calls caused the Plaintiff harassment, as well as additional data rate charges to her cellular telephone plan.

22. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time she received a phone call from the Defendant.

## QUESTIONS OF LAW

23. Questions of law and fact include, but are not limited to, the following:

6

a. Whether Defendants made non-emergency calls to Plaintiff cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice;

b. Whether Defendants conduct was knowing and/or willful;

c. Whether Defendants are liable for damages and the amount of such damages.

## COUNT I

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Using prohibited equipment and without prior express consent, the Defendant Mohela contacted the Plaintiff at least one-hundred seventy five (175) times by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii).

26. The phone calls were made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt owed, and without the prior express consent of Plaintiff.

### COUNT II-VIOLATIONS OF O.C.G.A 46-5-27 (i)

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Without prior express consent, the Defendant Mohela, contacted the Plaintiff at least twenty (20) times by means of automatic dialing system to a cellphone or pager in violation of O.C.G.A 46-5-27 (i). "The Do Not Call List".

## PRAYER FOR RELIEF

a) As a result of Defendant, MOHELA willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks statutory damages of $1500.00 for each and every call that violated the TCPA;

b) b) As a result of Defendant Mohela violations of O.C.G.A 46-5-27 (i)., Plaintiff is entitled to an award of $2000.00 in statutory damages for each and every call in violation of the statute, pursuant to O.C.G.A 46-5-27 (i).

c) Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent behavior pursuant the TCPA;

c) A trial by jury on all issues so triable;

d) Such other and further relief as may be just and proper.

Respectfully submitted,

*Allisha K. Taylor*

7515 Garnet Dr

Jonesboro, GA 30236

allishakitaylor12@gmail.com

8